**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

---

| | |
|---|---|
| In re:   Allen B. Gammons and<br>        Ann C. Gammons,<br>        Debtors | BK No. 12-10362<br>Chapter 7 |

---

| | |
|---|---|
| Allen B. Gammons and Ann C. Gammons,<br>        Plaintiffs<br>v.<br>M.T.M. Development Corp.,<br>Paul Mihailides, and H. John Deion,<br>        Defendants | A.P. No. 19-01017 |

---

## DECISION ON MOTION TO DISMISS

**I.    Introduction**

Debtor-plaintiffs Allen B. Gammons and Ann C. Gammons ("Plaintiffs") brought this adversary proceeding against M.T.M. Development Corporation ("MTM"), as well as against Paul Mihailides and H. John Deion ("Individual Defendants").[1] *See* Amended Complaint ("Complaint," Doc. #20). The Complaint alleges violations of the automatic stay and the discharge injunction and seeks damages against each of the three defendants under Bankruptcy Code § 362(k)(1) (Count I) and under § 524(a)(2) and § 105(a) (Count II) respectively.[2] The Individual Defendants move to dismiss the Complaint as against them. The facts alleged in the Complaint are lengthy and detailed, but what is in dispute at this juncture is a fairly narrow legal issue. It is enough to say, for now, that the Individual Defendants' motion to dismiss is not about whether the Complaint states claims for violations of the stay and the discharge injunction;

---

[1] The Complaint alleges that Paul Mihailides is the "principal owner" of MTM and John Deion was "employed by or otherwise worked for or with MTM or other entities and in other ventures of Mr. Mihailides, or those with whom Mr. Mihailides is or was associated or affiliated." Complaint ¶¶ 5, 7.

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

1

rather, the motion is about whether those claims may be asserted against the Individual Defendants in addition to MTM. Essentially, the Individual Defendants assert that the Complaint alleges actions they undertook as representatives of MTM and not in their individual capacities. Hence, they contend they are entitled to the benefits of the corporate shield and must be dismissed from the action.

## II.     Jurisdiction

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## III.    Individual Defendants' Dismissal Motion and Plaintiffs' Objection

The Individual Defendants move to dismiss (Doc. #25) the Complaint against them under Federal Rule of Civil Procedure 12(b)(6), arguing that it fails to state claims against them for violations of the automatic stay and the discharge injunction. Their main arguments are that the Complaint does not include any allegation that they acted beyond their capacities as representatives of MTM, that they are afforded the protections of the corporate structure, and that the facts alleged do not show either that the Individual Defendants should be deemed the alter egos of MTM or that the Individual Defendants committed any tortious or fraudulent acts.

The Plaintiffs object (Doc. #28) to the motion to dismiss. They argue that this is not an alter ego case, but one "in which certain individuals are attempting to hide behind a corporate shield to protect them from their own wrongful and tortious conduct." They maintain that the Complaint alleges facts sufficient to demonstrate that the Individual Defendants should be personally liable for violating the stay and discharge injunction.

The Individual Defendants counter (Doc. #30) that the Complaint "does not include causes of action for wrongful and tortious conduct." Rather, they contend, the causes of action

for violations of the stay and discharge injunction "are treated as a violation of a Court order and enforceable with civil contempt sanctions." To be clear, the Individual Defendants do not assert that the Complaint fails to state claims for violations of the stay and the discharge injunction. The crux of their argument is that the Individual Defendants, acting within the scope of their capacities as representatives of MTM, cannot be personally liable because such violations do not constitute the tortious or fraudulent conduct necessary to pierce the corporate veil. This, then, is the purely legal issue at hand.[3]

### IV.    Applicable Law and Analysis

The Individual Defendants recite the correct standard governing the Court's consideration of their motion to dismiss.

> Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to file a motion to dismiss a complaint on the basis that the [c]omplaint "fail[s] to state a claim upon which relief can be granted." . . . "[A] primary purpose of a Rule 12(b)(6) motion is to weed out cases that . . . based on the factual scenario on which the case rests, the plaintiff could never win." *Short v. Brown Univ.*, 320 F. Supp. 3d 363, 367 (D.R.I. 2018). . . .
>
> To survive a motion to dismiss, "a complaint must possess sufficient facts to state a claim for relief that is plausible on its face." *Id.* . . . When considering a motion to dismiss, courts "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Lemelson v. Bloomberg L.P.*, 903 F.3d 19, 23 (1st Cir. 2018).

*See* Memorandum of Law at 2 (Doc. #25-1).

Count I of the Complaint invokes § 362(k)(1), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

---

[3] Neither the Individual Defendants' nor the Plaintiffs' relevant filings draw any distinction between, or make any separate argument regarding, the legal issue at hand with regard to Count I versus Count II. As such, this decsion collectively addresses both such counts.

3

Count II invokes § 524(a)(2), which provides that a discharge of debt under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." It also relies on § 105(a), under which the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," including "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of the process."

As stated above, the Individual Defendants assert that they cannot be personally liable on those claims because such violations do not constitute the tortious or fraudulent conduct necessary to pierce the corporate veil. For support, they rely entirely on *In re Garza*, 605 B.R. 817 (Bankr. S.D. Tex. 2019). In that case the court found that a limited liability company had willfully violated the automatic stay, but because the plaintiff failed to present evidence that the LLC's manager had himself committed any tortious or fraudulent conduct, the manager could not be held personally liable. *Id*. at 826. That court's findings of fact reveal no conduct by the LLC's manager that might have constituted violation of the stay. The case is silent on what would have been the outcome if the plaintiff had alleged, as here, and presented evidence that the manager himself had personally engaged in acts constituting violation of the stay. It is noteworthy that the court's findings in *Garza* were made after a trial on the merits, not in the early stages of the litigation on a motion to dismiss. Finally, *Garza* provides no legal analysis or conclusion regarding whether violations of the stay and discharge injunction may, in appropriate circumstances, result in individual liability in addition to corporate liability. In light of the Plaintiffs' allegations in the Complaint, the *Garza* case simply is not helpful here.

In their objection, the Plaintiffs rely on *In re Forbes*, 186 B.R. 764 (Bankr. S.D. Fla. 1995), for the proposition that "one acting for or on behalf of a corporation cannot shield himself from liability for the tortious acts of the corporation," *see* Objection at 13 (Doc. #28), where that person "directed or participated actively in such tortious action." *Forbes*, 186 B.R. at 768. The Plaintiffs also point out that *Garza* states similarly, as do *Kingston v. Helm*, 82 S.W. 3d 755 (Ct. App. Tex. 2002), *In re Smith*, 585 B.R. 359 (Bankr. N.D. Miss. 2018), and the Restatement (Second) of Agency § 343. But these sources, again, provide no legal analysis or conclusions regarding whether violations of the stay and discharge injunction may result in individual liability in addition to corporate liability. They too are not very helpful.

The Individual Defendants further suggest that the cases cited by the Plaintiffs do not zero in on the key issue here, arguing in a somewhat conclusory way that the Complaint "does not include causes of action for wrongful and tortious conduct." *See* Reply at 1 (Doc. #30). They cite one additional case, *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), in support of their argument that violations of the automatic stay and discharge injunction "are treated as a violation of a [c]ourt order and enforceable with civil contempt sanctions." Reply at 1-2. Indeed, the Supreme Court in *Taggart* stated that a court "may hold a creditor in civil contempt for violating a discharge order," 139 S.Ct. at 1804, but what the court discussed and decided in that case was the proper standard to apply in determining whether a creditor's conduct was lawful under a discharge order. That case, like the others cited by both the Plaintiffs and the Individual Defendants, provides no legal analysis or conclusions regarding whether claims under § 362(k)(1) and/or § 524(a)(2) may result in individual accountability in addition to corporate liability.

There is, however, case law that specifically speaks to this issue. The Bankruptcy Court

5

for the Northern District of California made post-trial findings of fact and conclusions of law holding both a corporate respondent and some of its agents liable for violations of the automatic stay. *See In re Parker*, 2019 WL 386842, *12-14 (Bankr. N.D. Cal. Jan. 29, 2019). While the court found there was not clear and convincing evidence sufficient to prove violation of the discharge injunction, the court considered that claim as against not only the corporate, but also the individual, respondents. *See id.* *14-15. The *Parker* court stated that "§ 362 is a stay against all entities, and § 362(k) applies with equal force to the agents and attorneys who commit the offending acts." *Id.* *12. "While this court may hold a principal and its agent jointly and severally liable for § 362(k) damages caused by the agent, the agent's individual liability rests on evidence demonstrating that he or she directly committed the act which violated the automatic stay." *Id.*

This Court agrees with that analysis. While the Plaintiffs have not yet proven their allegations, they do allege such acts in the Complaint, and that is enough to survive the Individual Defendants' motion to dismiss.

The principles applied in the *Parker* decision – that violations of the automatic stay and discharge injunction are wrongful acts for which agents may be held liable in addition to principals – dates back many years. *See generally Davis v. Courington*, 177 B.R. 907, 911 (B.A.P. 9th Cir. 1995) ("Willful violation of the automatic stay *is an intentional tort* for which compensatory and punitive damages may be awarded.") (emphasis added); *In re Crawford*, 388 B.R. 506, 522-23 (Bankr. S.D.N.Y. 2008) ("Mr. Didonato is also personally liable for willfully violating the automatic stay. . . 'because under general principles of agency law, an agent whose tortious conduct renders the principal liable is also liable for his own tortious acts.'") (citation omitted); *Siegal v. Everett*, 591 B.R. 609, 628 (Bankr. D. Md. 2018) ("A violation of the

automatic stay certainly can constitute intentional, reckless, wanton, or grossly negligent conduct. Indeed, some courts characterize a violation of the automatic stay as an intentional tort.") (citing *Davis*, 177 B.R. 907).

Bearing in mind this precedent, accepting as true all well-pleaded facts alleged in the Complaint, and drawing all reasonable inferences in the Plaintiffs' favor, the Court concludes that the Plaintiffs' Complaint states claims against the Individual Defendants on which relief can be granted. The Individual Defendants' motion to dismiss is DENIED.

Date: March 31, 2020

By the Court,

*Diane Finkle*

Diane Finkle
U.S. Bankruptcy Judge